IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE MENZIES,<br>　　　Plaintiff,<br>　　v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br>　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.: 2:23-cv-00079<br><br>CIVIL ACTION |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Diane Menzies, requests leave to file her amended complaint (**Ex. 1**) attached to this motion to add a bad faith count. Plaintiffs' request is made in good-faith and serves the interests of justice. Plaintiff can show good cause as to why this Court should allow Plaintiff to file her amended complaint. Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 15(a)(2).

### Summary of the Facts

1. On February 3, 2022, Plaintiff's property located at 2923 State Road, White Oak, Pennsylvania was damaged by a pipe break inside the house.

2. The property is owned solely by Plaintiff and she has lived in the property since 2001.

3. In summer of 2021, Plaintiff began the process of renovating her home, which was projected to take months to complete.

4. Before the remodeling began, Plaintiff moved contents from the inside of her house to the garage and stayed with her boyfriend while the property was being renovated.

5. During the renovations, Plaintiff and her son would check on the property every other day prior to discovering the pipe break.

6. Plaintiff reported the damage to her insurance carrier, Defendant Auto-Owners Insurance Company ("Defendant" or "Auto-Owners").

7. Auto-Owners took an Examination Under Oath of Plaintiff and denied her claim on the alleged basis that she was not residing at the property at the time of the loss.

8. Plaintiff filed a lawsuit including a sole count of Breach of Contract on January 17, 2023.

9. On February 17, 2023, Plaintiff served Defendant with discovery requests.

10. Auto-Owners filed a Motion to Dismiss, which was denied by the Court on May 2, 2023.

11. Despite being served with the requests in February, Defendant did not provide Discovery Responses until August 3, 2023, eleven (11) days before the discovery end date.

12. Because of the delay in receiving the responses, Plaintiff wasn't able to depose Defendant's Corporate Representative until August 8, 2023, only six (6) days before the discovery end date.

13. A review of Defendant's file and testimony obtained at the Corporate Representative's deposition provided a basis for Plaintiff to amend her Complaint to include a count of Bad Faith.

14. Plaintiff's counsel advised the Court of Plaintiff's intent to Amend Plaintiff's Complaint at the Post-Discovery Status Conference on August 15, 2023.

15. Plaintiff seeks leave of Court to file an amended complaint. The proposed amended complaint alleges that Auto-Owners acted in bad faith by failing to conduct a proper investigation, failing to have a reasonable basis to deny coverage, and knowing that it lacked a reasonable basis to deny coverage based on clear language in the policy that affords coverage when damage occurs during a renovation. (Ex. A – Amended Complaint)

16. Plaintiffs' motion is made in good-faith and there would be no undue prejudice to Auto-Owners in allowing amendment.

**Memorandum of Law**

**A. The Court should grant Plaintiff's motion for leave to file an amended complaint.**

The interests of justice are served by amending the petition. Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint should be freely given when justice so requires. Where a responsive pleading has been filed. "a party may amend its pleading only with the opposing party's written consent or the court's leave." When a court is reviewing a motion for leave to amend it is to "freely give leave when justice so requires." *Id*. The decision to grant or deny a proposed amendment is "within the discretion of the District Court," In re Asbestos Products Liability Litigation (No.VI), No. 3:07-cv-00068, 2009 WL 2412442, at *2, (E.D. Pa. Aug. 5, 2009), (citing Foman v. Davis, 371 U.S. 178, 182 (1962)), and when looking to make a determination, the Supreme Court has specified that the district court should look at factors such as "undue delay, bad faith,… undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." before denying the party a leave to amend. *Id.* Rule 15(c) provides the manner in which an amendment can relate back to an original pleading stating "(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when: (b) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Here, (1) there has been no undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed, (2) there would be no undue prejudice Auto-Owners, and (3) the proposed amendment would not be futile. *Id*.

Plaintiff can show good cause as to why she should receive leave to file their amended complaint. The filing of this motion is a good faith effort to bring all issues to the Court's attention after Plaintiff was able to review Defendant's file and depose Defendant's representative.

Although Plaintiff had sent discovery requests in February of 2023, Defendant did not provide full responses until August 3, 2023, only eleven (11) days before the discovery end date. Further, and as a result of the delay in receiving Defendant's discovery, Plaintiff was not able to depose Defendant's representative until August 8, 2023, six (6) days before the discovery end date. Plaintiff promptly advised the Court of her intention to amend the Complaint at the post-discovery status conference on August 15, 2023 and now seeks to amend its pleading to bring a bad faith action.

Moreover, the addition of the bad faith count will permit a full and complete determination of the matter on its merits. The attached complaint is not futile, as it pleads that Auto-Owners failed to act in accordance with its policy obligations, failed to perform a full investigation, denied the claim without a reasonable basis, and was aware of the lack of reasonable basis for the denial due to the clear language in the policy that covers losses when property is damaged during a renovation.. No prejudice would accrue to Auto-Owners as Plaintiff does not intend to offer any additional evidence or take any further depositions.

Accordingly, Plaintiff respectfully requests that this Court permit the Plaintiff to file her amended complaint.

**Conclusion**

Under Federal Rule of Civil Procedure 15(a)(2) and Federal Rule of Civil Procedure 16(b)(4), the Court should grant Plaintiff's motion for leave to file an amended complaint. The foregoing analysis demonstrates that (1) there has been no undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed, (2) there would be no undue prejudice to Auto-Owners, and (3) the proposed amendment is not futile. Further, the

interests of justice are served by permitting the amendment to be filed, and Plaintiff has shown good cause for the amendment.

                                                    **MERLIN LAW GROUP, PLLC.**

                                                    */s/ Daniel W. Ballard, Esq.*
                                                    Daniel W. Ballard, Esq.
                                                    125 Half Mile Road, Suite 110
                                                    Red Bank, NJ 07701
                                                    (T) 732-704-4647
                                                    (F) 732-704-4651
                                                    DBallard@MerlinLawGroup.com

Date: August 29, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANE MENZIES,            :<br>         Plaintiff,          :<br>     v.                      :<br>                             :<br>AUTO-OWNERS INSURANCE        :<br>COMPANY,                     :<br>         Defendant.         : | CASE NO.: 2:23-cv-00079<br><br>CIVIL ACTION |

## ORDER

THIS MATTER having been opened to the Court by Merlin Law Group, PLLC, attorneys for Plaintiff, Diane Menzies, seeking an Order for Leave to file an Amended Complaint; and for good cause shown;

IT IS ON THIS _____ DAY OF _____, 2023

ORDERED that Plaintiff's Motion for Leave to file Amended Complaint is hereby GRANTED. And it is further

ORDERED that Plaintiff's Amended Complaint is deemed filed as of the date of the entry of this Order. And it is further

ORDERED Defendant shall have twenty (20) days from the date of this Order to file a responsive pleading.

_____
                                                                                                         J.

**CERTIFICATION**

I hereby certify that a copy of the within document has been filed with the Clerk of the above-captioned Court, and that a copy of same was served upon the attorney of record in accordance with the Rules of Court.

**MERLIN LAW GROUP, PLLC.**

*/s/ Daniel W. Ballard, Esq.*
Daniel W. Ballard, Esq.
125 Half Mile Road, Suite 110
Red Bank, NJ 07701
(T) 732-704-4647
(F) 732-704-4651
DBallard@MerlinLawGroup.com

Date: August 29, 2023