IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE MENZIES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:23-CV-79-NR |
| v. | ) |
| | ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

In this insurance-coverage dispute, now before the Court are the parties' cross-motions for summary judgment. Because genuine disputes of material fact exist on the question of residency, the Court denies both motions.

## BACKGROUND

Both parties agree that the sole issue here is whether Ms. Menzies "resided" at the property. If she "resided" at the insured property, then there is coverage for the losses she sustained due to water damage in February 2022. If she did not reside there at the time of the loss, then there is no coverage. The homeowner's insurance policy at issue contains the following relevant definitions pertaining to the question of residency:

**6. Insured premises** means:
**a.** the **residence premises**;

. . .

**15. Residence premises** means:
**a.** the one or two family dwelling where **you** reside, including the building, the grounds and other structures on the grounds; or
**b.** that part of any other building where **you** reside, including grounds and structures; which is described in the Declarations.

ECF 43-2, Definitions 6, 15 (emphasis original).[1]

Relevant to the residency inquiry, Ms. Menzies first moved into the property in 2001. ECF 43-3, 6:20-22. In 2021, she began remodeling the property. *Id.*, 12:11-19. The project was supposed to take a few months, but there were a number of delays. *Id.*, 53:1-5. Around September 2021, Ms. Menzies began staying with her boyfriend at his home during the remodel. *Id.*, 25:10-14. During the remodeling, Ms. Menzies moved clothes and toiletries to her boyfriend's house, but also stored some items, including furniture, in the garage of her home, so that she could return those items to their place after the remodeling project was done. *Id.*, 36:16-38:5; 66:7-13. Ms. Menzies didn't sleep at the property after moving in with her boyfriend, and there were no beds set up at the insured property. *Id.*, 62:23-63:11. Ms. Menzies kept food in the refrigerator and freezer at the insured property. *Id.*, 40:24-41:7. She also used the microwave and ate meals at the property a few times a month. *Id.*, 41:18-21; 42:10-16. Additionally, between Ms. Menzies and her son, they were at the property "every other day." *Id.*, 26:4-7.

Ms. Menzies listed the property as her address for her bank accounts (ECF 43-6, 25:10-14), listed the property's address on her tax return (ECF 43-5, 31:18-20), and with the exception of a recent water bill, all of her personal mail was addressed and delivered to the property. *Id.*, 31:21-32:6.

Ms. Menzies changed the address on her driver's license to her boyfriend's address on December 10, 2020. ECF 43-3, 24:1-4. Her new driver's license was officially issued on November 5, 2021. *Id.*, 24:5-8. Ms. Menzies changed the address on her driver's license because, according to her, she and her boyfriend bought a car together and the insurance policy was under his name and address. *Id.*, 24:19-23.

---

[1] Under the policy, Ms. Menzies is required to reside at the property, but there is no requirement that she must live there full time.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if proof of its existence or non-existence might affect the outcome of the suit under applicable law." *Isenberg v. State Farm Fire and Cas. Co.*, 604 F. Supp. 3d 322, 324 (W.D. Pa. 2022) (Schwab, J.) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)). A genuine factual dispute exists if evidence supporting the fact "require[s] a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011) (cleaned up), *as amended* (Oct. 20, 2011). "The rule is no different where there are cross-motions for summary judgment." *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008). The parties' filing of cross-motions "does not constitute an agreement that if one is rejected the other is necessarily justified[.]" *Id.* (cleaned up). But the Court may "resolve cross-motions for summary judgment concurrently." *Hawkins v. Switchback MX, LLC*, 339 F. Supp. 3d 543, 547 (W.D. Pa. 2018) (Conner, J.) (citations omitted). When doing so, the Court views the evidence "in the light most favorable to the non-moving party with respect to each motion." *Id.* (citations omitted).

## DISCUSSION & ANALYSIS

There is a genuine dispute of material fact about whether Ms. Menzies resided in the property because the evidence submitted by the parties requires a factfinder to resolve the parties' differing views of the facts.

Under Pennsylvania law, "residence" is "one's factual place of abode." *Quincy Mut. Fire Ins. Co. v. Clyman*, 910 F. Supp. 230, 232 (E.D. Pa. 1996) (cleaned up). "[A] person could have more than one residence." *Id.* The term "resident" in an insurance policy is not ambiguous simply because it is not defined in the policy, and courts can apply "common law definition[s]" and examine various factors "to arrive at a common-

sense decision." *Wall Rose Mut. Ins. Co. v. Manross*, 939 A.2d 958, 965 (Pa. Super. Ct. 2007). "The term resident or residency requires, at the minimum, some measure of permanency or habitual repetition." *Id.* (cleaned up). Because residency status is a question of physical fact, intent is not relevant. *Gerow v. State Auto Prop. & Cas. Co.*, 346 F. Supp. 3d 769, 779 (W.D. Pa. 2018) (Gibson, J.).

"When inquiring into residency, courts look at objective indicators such as where an individual sleeps, takes her meals, receives mail, and stores personal possessions[,]" as well as which address an individual lists on her driver's license and tax returns, and where she does her banking. *Id.* at 779-80 (cleaned up).

Importantly, courts have found that if there is more than one reasonable inference to make from the evidence regarding residency, the question of residency is a question of fact for the jury to decide. *Allstate Ins. Co. v. Naskidashvili*, No. 07-4282, 2009 WL 399793, at *4 (E.D. Pa. Feb. 16, 2009) (denying summary judgment where evidence showed that defendant stayed at her daughter's home and slept and ate her meals there, but also that she did not receive mail there, did not use the address as her own, and had a deadline to leave based on the expiration of her visa); *Strouss v. Fireman's Fund Ins. Co.*, No. 03-5718, 2005 WL 418036, at *12 (E.D. Pa. Feb. 22, 2005) (denying summary judgment because a genuine issue of material fact existed as to whether a college student was a "resident" of his parents' household or college dormitory) (collecting cases); *Clyman*, 910 F. Supp. at 232-33 (denying summary judgment because while there was evidence that defendant listed his parents' residence as his address on his tax returns, received financial support from his parents, and had a bedroom in the residence, there was also evidence that he spent the majority of his time elsewhere, had rented an apartment, and become "reasonably established" away from his parents' residence); *Auto-Owners Ins. Co. v. Kitchings*, No. 511-012, 2012 WL 12929760, at *5 (S.D. Ga. June 29, 2012) (denying summary judgment when "viewing the evidence in the light most favorable to the

non-movant, a reasonable juror could conclude that while the Defendant was in the process of moving out of the Douglas property, she still resided their within the meaning of the Policy" because there was evidence that the defendant was "back and forth" between three different locations).

How someone can "reside" at a property when it is in the process of being renovated is a fact-intensive inquiry. *Bloxham v. Allstate Ins. Co.*, No. 19-481, 2020 WL 6710427, at *7 (M.D. Pa. Nov. 16, 2020) (denying summary judgment because evidence that the plaintiff received mail at the property being renovated, used the property's address for tax purposes, and kept belongings on the property could be interpreted by a jury in different ways). It depends on such fact-intensive inquiries as the habitability of the property, the scope and pace of the renovations, and the policyholder's use of the property during the renovations.

Here, Ms. Menzies ate at the property at times; kept some of her personal property there, albeit in the garage; visited the property; used the property's address for her personal mail, bank accounts, and tax returns. While this is evidence "tending to show" regular contact with the property, there is also evidence "tending to permit a jury to reach to opposite conclusion." *Naskidashvili*, 2009 WL 399793, at *3. For example, there is evidence that Ms. Menzies did not sleep at the property, and she did not list the property as her address on her driver's license.[2]

---

[2] Indeed, the factual disputes here are illustrated by the competing inferences over the driver's license. Auto-Owners argues that because Ms. Menzies listed her boyfriend's address on her driver's license, that fact is proof that she "moved out" of the property and resided with her boyfriend. ECF 42, p. 12; ECF 46, p. 6. On the other hand, Ms. Menzies offers a benign reason for the address change on her driver's license that has nothing to do with residency: she bought a car with her boyfriend, and because the insurance on the car was listed in his name and at his address, she used his address for her driver's license. ECF 45, p. 5. Ms. Menzies further argues that the change occurred prior to her staying with her boyfriend during the renovations at the property. ECF 47, p. 5. The significance of the driver's license is a credibility issue for the jury to decide. *Bloxham*, 2020 WL 6710427, *7 ("it is not the Court's role to weigh the evidence or adjudge credibility.").

Ultimately, there are two competing factual narratives here, with a host of competing inferences, which depend on the assessment of the credibility of witnesses and the quality of the evidence.

This requires a factfinder "to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d at 290 (cleaned up). Thus, the Court denies both cross-motions for summary judgment.

* * *

Therefore, after careful consideration, it is hereby **ORDERED** that Auto-Owners Insurance Company's Motion for Summary Judgment (ECF 41) is **DENIED.** Ms. Menzies Cross-Motion for Summary Judgment (ECF 44) is also **DENIED.**

Date: April 18, 2024                                BY THE COURT:

                                                                   /s/ J. Nicholas Ranjan
                                                                   United States District Judge