IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE MENZIES, | ) |
| Plaintiff, | ) |
| | ) 2:23-CV-79-NR |
| v. | ) |
| | ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ORDER

Before the Court are motions *in limine* filed by Defendant Auto-Owners Insurance Company (ECF 56; ECF 57). The Court issues this order resolving the motions as follows.

**I. Auto-Owners's motion in limine to preclude Plaintiff's witness Stephen Hnat from testifying at trial (ECF 56).**

Auto-Owners argues that Mr. Hnat is prohibited under Pennsylvania law from testifying as either an expert or a fact witness because he has a financial interest in the outcome of the litigation due to the contingent fee arrangement between Mr. Hnat and Ms. Menzies. ECF 56, p. 8.

Under Pennsylvania law, witnesses subject to a contingent fee agreement are not competent to testify. *See Est. of Mikeska*, 217 A.3d 329, 335 (2019) (fact witnesses subject to a contingent fee agreement not permitted to testify); *Everett Cash Mutual Insurance Co. v. Gibble*, No. 01-1640, 2004 WL 5149339 (Pa. Com. Pl. May 14, 2004) (prohibiting public adjuster from testifying as an expert).

Here, it is not exactly clear how Mr. Hnat is being paid to testify as an expert witness. The agreement provides that expert witness fees are "in addition to the contingent fee[.]" ECF 56-2, p. 1. Therefore, under the clear terms of the parties' agreement, Mr. Hnat's compensation for testifying is separate from any contingent

fee, and so is he is competent to testify. On the other hand, Ms. Menzies has not made this clear as part of the briefing on the motion.

In light of the above, the Court holds this motion in abeyance until the final pre-trial conference. If Plaintiff's counsel can proffer that Mr. Hnat is being paid for his testimony separate from any contingency fee, then Mr. Hnat will be allowed to testify.

**II.   Auto-Owners's motion in limine to preclude Plaintiff's witness Stephen Hnat from testifying on insurance coverage issues at trial (ECF 57).**

Auto-Owners argues that Mr. Hnat's testimony should be excluded and the May 5, 2022, email should be excluded as a trial exhibit because Mr. Hnat intends to testify about the interpretation of the insurance policy, Ms. Menzies's intent to return to the property, and factual matters related to residency. ECF 57.

As to interpretation of the insurance policy, "[i]t is well-settled that expert testimony regarding the interpretation of an insurance policy is impermissible." *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 WL 204619, at *13 (E.D. Pa. Jan. 20, 2011). Ms. Menzies concedes that Mr. Hnat is not permitted to testify as to interpretation of the insurance policy. ECF 59, p. 3. Thus, Mr. Hnat may not testify as to the interpretation of the insurance policy.

As to intent, this testimony is inadmissible for two reasons. First, experts may not testify as to another's subjective intent. *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 423 (W.D. Pa. 2006) (Ambrose, C.J.). Second, as this Court stated in its Order denying the parties' cross-motions for summary judgment, "intent is not relevant" to the question of residency "[b]ecause residency status is a question of physical fact[.]" *Menzies v. Auto-Owners Ins. Co.*, No. 23-79, 2024 WL 1677486, at *2 (W.D. Pa. Apr. 18, 2024) (Ranjan, J.). Thus, Mr. Hnat may not testify as to Ms. Menzies's intent to return to the property.

Because the May 5, 2022, email captures policy interpretation and hearsay statements about Ms. Menzies's intent, the Court will exclude the email.

As to the factual matters related to the renovation of the property, the location of Ms. Menzies's possessions, damages incurred, and factors relevant to the residency inquiry, Mr. Hnat may testify as to his personal observations about the property and his work as an adjustor related to the property.

**********************

For the reasons stated above, it is hereby **ORDERED** Auto-Owners's motion *in limine* to preclude Plaintiff's witness Stephen Hnat from testifying at trial (ECF 56) is held in abeyance pending the final pre-trial conference. Auto-Owners's motion *in limine* to preclude Plaintiff's witness Stephen Hnat from testifying on insurance coverage is **GRANTED** in part and **DENIED** in part, as set forth above.

Dated: June 28, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge